**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 19-2168, 19-2169, 19-2170, and 19-2171
_____

ASSOCIATED BUILDERS AND CONTRACTORS EASTERN PENNSYLVANIA
CHAPTER INC; ALFERO COMPANY INC; R.L. REPPERT, INC; NICK ALFERO,
Appellants in No. 19-2168

v.

COUNTY OF NORTHAMPTON
_____

ASSOCIATED BUILDERS AND CONTRACTORS EASTERN PENNSYLVANIA
CHAPTER INC; VELLNIECE CONSTRUCTION LLC; KIM PENNINGTON,
Appellants in No. 19-2169

v.

PLYMOUTH TOWNSHIP
_____

ASSOCIATED BUILDERS AND CONTRACTORS EASTERN PENNSYLVANIA
CHAPTER INC; KIM PENNINGTON; VELLNIECE CONSTRUCTION LLC,
Appellants in No. 19-2170

v.

THE COLONIAL SCHOOL DISTRICT
_____

ASSOCIATED BUILDERS AND CONTRACTORS EASTERN PENNSYLVANIA
CHAPTER INC; VELLNIECE CONSTRUCTION LLC,
Appellants in No. 19-2171

v.

TOWNSHIP OF WEST NORRITON

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Nos. 5-18-cv-02552, 2-18-cv-03908, 2-18-cv-03907, and 2-18-cv-04536)
District Judge: Honorable Edward G. Smith
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 3, 2020
_____

Before: GREENAWAY, JR., PORTER, and MATEY,
*Circuit Judges*

(Filed:  April 6, 2020)
_____

OPINION*
_____

PORTER, *Circuit Judge*.

Associated Builders and Contractors, Eastern Pennsylvania Chapter, Inc. and

affiliated contractors (Alfero Co., Inc.; R.L. Reppert, Inc.; and Vellniece Construction,

LLC) and taxpayers (Nick Alfero and Kim Pennington) (collectively, "ABC") challenged

several municipal organizations' ordinances and policies under the Fourteenth

Amendment's Equal Protection Clause. The ordinances and policies require contractors

to meet certain criteria to bid for or work on the municipal organizations' public projects.

The District Court applied rational-basis review and rejected the challenges. On appeal,

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ABC has not shown that the ordinances lack a conceivable rational basis. Thus, we will affirm the District Court's orders dismissing ABC's claims.

## I

Associated Builders and Contractors, Eastern Pennsylvania Chapter, Inc. is a chapter of a national construction-industry trade organization. It represents around 500 businesses across eastern Pennsylvania, including many located within the County of Northampton, the Colonial School District, Plymouth Township, and the Township of West Norriton (the "Municipalities").

In late 2018, each of the Municipalities enacted a Responsible Contractor Ordinance[1] (collectively, the "RCOs") to govern contractors who bid for or work on the Municipalities' public projects worth more than a certain amount. The RCOs require contractors to certify that they participate in a "Class A Apprenticeship Program," App. at 143 ¶ 38, 169 ¶ 36, 195 ¶ 34, 220 ¶ 37, and disqualify noncompliant contractors from working on the Municipalities' public projects. The RCOs define Class A Apprenticeship Programs as apprenticeship programs that (a) are registered with and approved by the United States Department of Labor or a state apprenticeship program and (b) have recently graduated apprentices for a certain number of years.

The criteria for Class A Apprenticeship Programs match those of apprenticeship programs sponsored by labor union organizations. As a result, virtually all union contractors participate in a Class A Apprenticeship Program through their union

---

[1] Or in the case of the Colonial School District, a Responsible Contractor Policy.

collective bargaining agreements. On the other hand, many non-union contractors do not participate in Class A Apprenticeship Programs, and the RCOs thus prohibit them from working on the Municipalities' public projects worth more than the RCO threshold.

Based on this disparity, ABC sued the Municipalities, alleging violations of state and federal law. Among its federal claims, ABC alleged that the Municipalities' RCOs violated the Fourteenth Amendment's Equal Protection Clause by discriminating against non-union contractors in favor of union contractors without a rational basis. The District Court disagreed and dismissed ABC's claims. ABC timely appealed.

**II**[2]

ABC argues that the District Court erred by finding that the Municipalities' RCOs were constitutional. ABC contends that no rational basis supports the RCOs and that they therefore violate the Fourteenth Amendment's Equal Protection Clause. We disagree, so we will affirm.

The Fourteenth Amendment's Equal Protection Clause states that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The parties agree that the RCOs' certification requirement

---

[2] The District Court had subject-matter jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291. "We review a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6) de novo." *Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 151 (3d Cir. 2018) (citation omitted). "In doing so, we accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiffs." *Id.* (citation omitted). We ask whether the complaint "contain[ed] sufficient factual allegations, taken as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks and citation omitted).

4

"neither burdens a fundamental right nor targets a suspect class," so we apply rational-basis review. *See Romer v. Evans*, 517 U.S. 620, 631 (1996) (citation omitted).

Under rational-basis review, a statute does not "run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Armour v. City of Indianapolis*, 566 U.S. 673, 680 (2012) (citation omitted). When we apply this standard, "legislation enjoys a presumption of validity, and [a] plaintiff must negate every conceivable justification for the classification in order to prove that the classification is wholly irrational." *Brian B. ex rel. Lois B. v. Pa. Dep't of Educ.*, 230 F.3d 582, 586 (3d Cir. 2000) (citing *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 314–15 (1993)). The rational-basis standard is therefore "the most deferential of standards." *See Romer*, 517 U.S. at 632 (collecting cases).

The parties agree that the Municipalities have a legitimate government interest in ensuring that a "well-trained workforce" provides "quality . . . workmanship" on their public projects. *See* Appellant's Reply Br. 3; *see also* Appellant's Br. 12, 18; Appellee's Br. 20. They also agree that "apprenticeship programs are an effective training tool." *See* Appellant's Reply Br. 4.

At least two explanations show how the Municipalities' RCOs' certification requirement is reasonably related to the Municipalities' interest in a well-trained workforce providing quality workmanship on public projects. First, the Municipalities may have rationally believed that requiring contractors to participate in Class A Apprenticeship Programs would increase the likelihood that the contractors would employ well-trained workers. Second, the Municipalities may also have rationally

5

believed that the RCOs' certification requirement would promote Class A Apprenticeship Programs generally, which would in turn increase the likelihood that potential and existing public-projects workers would take advantage of the training programs.

The only issue for us to address is whether ABC has rebutted the Municipalities' conceivable rational bases for the RCOs' certification requirement. "Because [ABC] has the burden of rebutting every conceivable rational basis, . . . we examine each of [its] arguments in turn." *Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 367 (3d Cir. 2012) (citing *Beach Commc'ns*, 508 U.S. at 315). When doing so, we may not "substitute [our] social and economic beliefs for the judgment of [the Municipalities]." *See Ferguson v. Skrupa*, 372 U.S. 726, 730 (1963). The Municipalities may even rely on "rational speculation unsupported by evidence or empirical data." *See Beach Commc'ns*, 508 U.S. at 315 (citation omitted). "[T]he rational basis test does not require mathematical precision in the legislature's decisions." *See Am. Express*, 669 F.3d at 367 (citation omitted). So even if the Municipalities' conceivable "rationale . . . for [the RCOs' certification requirement] seems tenuous[ly]" related to the Municipalities' governmental interest, *Romer*, 517 U.S. at 632 (citations omitted), ABC must still show that the requirement is "wholly irrational," *see Cabrera v. Att'y Gen. U.S.*, 921 F.3d 401, 404 (3d Cir. 2019) (citation omitted).

ABC makes three arguments to rebut the RCOs' certification requirement's conceivable rational bases. None is persuasive. First, ABC observes that the RCOs do not require contractors to employ *any* workers trained in a Class A Apprenticeship Program. Thus, ABC contends, the RCOs' certification requirement does not necessarily ensure

6

that workers employed for the Municipalities' projects will have graduated from a Class A Apprenticeship Program. But this observation does not rebut the Municipalities' conceivable rational bases for believing that the RCOs' certification requirement would increase the *likelihood* that well-trained workers would work on their projects. Thus, ABC's first argument fails.

Second, ABC argues that *Borden's Farm Products Co. v. Baldwin*, 293 U.S. 194 (1934), entitles it to discovery to determine whether the RCOs' certification requirement is rationally related to the RCOs' purported objective. But *Borden's* does not support ABC's request for discovery. In *Borden's*, the Supreme Court found that discovery was necessary because the government's purported rational basis for the measure was "predicated upon the particular economic facts of a given trade or industry, which are outside the sphere of judicial notice." *Id.* at 210.

But factual questions about "controlling economic conditions" are not present here. *See id.* at 211 (citation omitted). The Municipalities could have reasonably believed that the RCOs' certification requirement increased the likelihood that their contractors' workers would participate in Class A Apprenticeship Programs. ABC does not rebut this conceivable basis—it only disagrees with it and requests discovery. That is not enough.

Finally, ABC argues that non-apprenticeship training is effective. Assuming *arguendo* the truth of that assertion, this argument is irrelevant. Under rational-basis review, the availability of "alternative means" to accomplish the Municipalities' purported objective does not undermine the RCOs' certification requirement's constitutionality. *See Kunkel's Estate v. United States*, 689 F.2d 408, 416 (3d Cir. 1982).

7

\*      \*      \*

The District Court correctly found that ABC has not shown that the

Municipalities' RCOs' certification requirement lacks a conceivable rational basis. Thus,

we will affirm its orders dismissing ABC's claims.